## Southern Railway Company et al. *v.* Railroad Commission of Indiana.

[Railroad Commission No. 7.  Filed February 7, 1908.  Rehearing denied June 10, 1908.]

1. PLEADING.—*Complaint.—Sufficiency to Sustain Order of Railroad Commission.*—A petition alleging that defendant railroad companies are now and have been charging plaintiffs and other manufacturers of fertilizers a high, excessive and unreasonable rate for transportation of commercial fertilizer, and praying for a reduction of such rate, is sufficient to sustain an order of the railroad commission reducing such rate. p. 89.

2. RAILROAD COMMISSION.—*Rates.—Fertilizer.—Raw Materials.*—The railroad commission's order making the same freight rate for phosphate shipped in bulk and fertilizer shipped in bags is justifiable, where the only difference between the phosphate and the fertilizer was the addition of cinders to such phosphate, thus producing fertilizer. p. 89.

From Railroad Commission of Indiana; *Union B. Hunt,* Chairman; *Charles V. McAdams* and *William J. Wood,* Commissioners.

Appeal from an order of the Railroad Commission of Indiana by the Southern Railway Company and others. *Order confirmed.*

*John D. Welman, Walter Olds, Frank L. Littleton, E. C. Field, J. E. Kepperly, S. O. Pickens, A. P. Humphrey* and *E. P. Humphrey,* for appellants.

*James Bingham,* Attorney-General, *H. M. Dowling, E. M. White, A. G. Cavins, Ralph Bamberger* and *Isidore Feibleman,* for the Commission.

RABB, J.—The record in this case presents an appeal taken under the provisions of sections six and six and one-half of the railroad commission act of 1905 (Acts 1905, p. 83, §§5405f, 5405g Burns 1905), from an order of the commission establishing rates for the transportation of commercial fertilizer over the appellants' roads in this State,

made upon the petition of the Bash Packing Company and others. All questions arising upon this appeal, except that of the sufficiency of the petition to support the order of the commission, and the sufficiency of the evidence to sustain the finding of the commission, have been passed upon by this court in the case of *Southern R. Co. v. Railroad Com., etc.* (1908), *post*, 90, and will not be further considered here.

The petition averred, among a great many other things, that the appellants' roads are now, and have been, charging petitioner and other manufacturers of commercial fertilizers in this State a high, excessive and unreasonable rate for the transportation of commercial fertilizer, and prays that the commission reduce the rate for the transportation of said article.

1.

We think these averments of the petition were sufficient to support the order of the commission establishing a lower freight rate on commercial fertilizer, made in this case. There was evidence to support the contention of the shippers that the rates established by the commission were practically the same as the rates fixed by the appellants for the shipment of their fertilizer when shipped in bulk; but it seems that when the same goods were shipped in bags a higher rate was charged by the companies. This the appellants explain by saying that they did not understand that the commodity shipped in bulk as acid phosphate was the same thing as that shipped in bags as "fertilizer," and it is claimed that they are not in fact the same thing—that one is the raw material out of which fertilizer is manufactured, and the other is the manufactured product. The evidence discloses that the only difference between the raw material and the manufactured product consists in the addition to the raw material of a quantity of cinders properly to reduce the strength of the phosphate so that it will answer the purpose intended. This certainly would not be such a change in the nature of the article

2.

Southern R. Co. *v.* Railroad Com., etc.—42 Ind. App. 90.

shipped as to afford any sufficient reason why it should be given a different classification for freight tariff purposes, and would of itself justify the conclusion of the railroad commission that the railway companies could afford to haul the fertilizer at the same rate they carry the alleged raw material.

The evidence also discloses that the freight rate on this class of goods up to 1899 was about what the commission made it, and no satisfactory explanation is given by the companies for any change in the rate since 1899. There was no general advance in freight rates at that time, and no reason is offered why there should have been an advance in the freight rate on this particular article.

We think, therefore, the conclusion of the commission ought not to be disturbed upon the evidence. It is therefore affirmed.

Roby, C. J., absent.